# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICKOLAS C. HICKTON, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 07-1687<br>) |
| ENTERPRISE RENT-A-CAR COMPANY, INC.; ENTERPRISE RENT-A-CAR COMPANY OF PITTSBURGH, and DOES 1 through 10, inclusive, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

### *Introduction*

Pending before this court is the motion (Docket No. 12) filed by defendants Enterprise Rent-A-Car Company, Inc. ("Enterprise Parent") and Enterprise Rent-A-Car Company of Pittsburgh ("Enterprise") (together with Enterprise Parent, "defendants") to dismiss, stay, or transfer the claims set forth in the complaint filed by Nickolas C. Hickton ("Hickton" or "plaintiff"), on behalf of himself and all others similarly situated. (Docket No. 1.) On April 23, 2008, the court heard oral argument on defendants' motion to dismiss, stay, or transfer. Several issues raised in defendants' motion which were resolved on the record. (Docket No. 37.) Among other things, the court ordered all claims against Enterprise Parent and certain putative nationwide claims asserted in the complaint stayed. (Docket No. 39.) The court specifically reserved ruling on the issue whether the court should exercise jurisdiction over the Pennsylvania

class action claim pending further briefing. The parties filed supplemental briefs. After considering the oral arguments of the parties and the parties' submissions, this court will not dismiss the Pennsylvania class action claim to the extent jurisdiction over that claim is based upon original jurisdiction.[1]

### *Background*

Enterprise employed Hickton as an assistant manager between November 2004 and March 2006, at one of its Pennsylvania rental locations. (Compl. ¶ 12.) In March 2006, Enterprise promoted Hickton to the position of branch manager, and he worked in this capacity at several rental locations in Pennsylvania and Ohio until March 2007. (Id. ¶ 13.) Plaintiff alleges that managers were wrongfully classified by defendants as exempt from certain federal and state wage law protections, including the requirement of premium overtime pay. (Id. ¶ 29.) Plaintiff claims that he and other managers regularly worked in excess of forty hours per week, without receiving minimum wage or premium overtime compensation for those hours worked that exceeded forty hours per week. (Id. ¶¶ 14-15.)

In support of plaintiff's argument that managers were wrongfully classified as exempt employees during the time he was employed by Enterprise, plaintiff alleges that managers: 1) were not required to have a specific degree in a field of science or learning, and were not employed in a *bona fide* professional capacity as required for the professional

---

[1] Defendants did not specifically argue for dismissal of the Pennsylvania class action claim for lack of subject-matter jurisdiction in their motion pursuant to Federal Rule of Civil Procedure 12(b)(1). If jurisdiction does not exist on the face of a complaint, a court may dismiss the claim *sua sponte*. Kontrick v. Ryan, 540 U.S. 443, 455 (2004); KVOS, Inc. v. Associated Press, 299 U.S. 269, 277 (1936) (citing Mansfield v. Swan, 111 U.S. 379, 382 (1884)). The issue whether original jurisdiction exists over the Pennsylvania class action claim has not been briefed.

exemption (Id. ¶ 26); 2) were not qualified for the executive exemption, because they did not have the authority to hire or fire any of the employees working within the rental location (Id. ¶ 27); and 3) were not qualified for the administrative exemption, because, despite the title, the primary duties of the managers were not managerial (Id. ¶ 28).

Plaintiff argues that because he and other managers were not exempt employees and defendants failed to pay managers minimum wage or premium overtime compensation for the hours worked in excess of forty hours per week, defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and also violated both the Pennsylvania Minimum Wage Act of 1968, as amended, 43 PA. CONS. STAT. ANN. §§ 333.101 *et seq*. ("PMWA") and the Ohio Minimum Fair Wage Standards Act, OHIO REV. CODE ANN. §§ 4111.01 *et seq*. ("OMFWSA"). (Compl. ¶¶ 2-4, 8-10.)

Plaintiff brings the suit asserting claims under the aforementioned statutes. (Id. ¶¶ 6, 53-56.) The action based upon the FLSA is a collective action, as provided by 29 U.S.C. § 216(b). Pursuant to that section, potential plaintiffs need to "opt-in" to this lawsuit, by affirmatively electing to participate, in order for their rights to be adjudicated in this case. At oral argument, the parties indicated that the state-law action based upon the OMFWSA is likewise an "opt-in" action. The propriety of the court exercising jurisdiction over the OMFWSA claim is not disputed or otherwise addressed in the parties' briefs. In contrast, the state-law class action based upon the PMWA is comprised of "all similarly-situated persons who choose not to opt-out" pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). An "opt-out" action is the opposite of an "opt-in" action – the potential class members' rights in an opt-out action will be adjudicated by default as members of the class, unless they affirmatively act to decline

participation.

## *Standard of Review*

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits. Rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Factual allegations must be enough to raise a right to relief above the speculative level, and sufficient to state a claim for relief that is plausible on its face. Id. A challenge to subject-matter jurisdiction on the face of a complaint is to be analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. All allegations in the complaint are assumed to be true. Petruska v. Gannon University, 462 F.3d 294, 302 n.3 (3d Cir. 2006); Soliman v. Gonzales, No. 07-CV-0682, 2007 WL 4294665, at *1 (E.D. Pa. Dec. 5, 2007).

## *Discussion*

Plaintiff pled two bases for subject-matter jurisdiction over the Pennsylvania state-law

4

PMWA class action in the complaint: supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and original jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). In their brief, defendants challenge both these bases. The court will address each basis.

### A. Supplemental Jurisdiction

In <u>De Asencio v. Tyson Foods, Inc.</u>, 342 F.3d 301 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit addressed the issue whether an FLSA opt-in collective action can proceed together with a state-law opt-out class action in a single lawsuit, when jurisdiction over the state-law claim is premised upon supplemental jurisdiction. Under 28 U.S.C. § 1367(c), courts have discretion to decline jurisdiction and dismiss state-law claims in certain situations listed in that subsection. Two of these situations are when the state-law claim substantially predominates over the principal claim and when there are other compelling reasons. <u>De Asencio</u>, 342 F.3d at 309 (citing 28 U.S.C. § 1367(c)(2), (4)). The court of appeals in <u>De Asencio</u> determined that the district court abused its discretion in failing to find that the state-law class action claim substantially predominated over the FLSA collective action. <u>De Asencio</u>, 342 F.3d at 312.

Here, defendants argue that the Pennsylvania class action claim substantially predominates over the principal claim, and that there are other compelling reasons for declining to exercise supplemental jurisdiction. Plaintiff asserts in his complaint that this court may exercise supplemental jurisdiction over the PMWA class action, but did not address the issue in his brief. Plaintiff ostensibly concedes this court may decline exercise supplemental jurisdiction

5

over the PMWA state-law class action.[2]

The present situation is slightly different from that in De Asencio, where the state-law class action was premised upon the Pennsylvania Wage Payment and Collection Law, 43 PA. CONS. STAT. ANN. §§ 260.1 *et seq*. ("WPCL"), and not the PMWA. The court of appeals explained in De Asencio that the district court failed to consider the unique aspects of the WPCL claim that may have substantially predominated over the FLSA claim. De Asencio, 342 F.3d at 311. The factors to be analyzed include "the scope of the state and federal issues, the terms of proof required by each type of claim, the comprehensiveness of the remedies, and the ability to dismiss the state claims without prejudice." Id.; see United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). In De Asencio, the court of appeals based its holding upon the district court's failure to consider the difference in size between the opt-in and opt-out classes, the different proof required by the WPCL claim, and the "general federal interest in opt-in wage actions." De Asencio, 342 F.3d at 312.

Unlike the situation involving the WPCL, the proof for the FLSA and PMWA claims in this case in all likelihood will be identical, as will the scope of the issues. Nevertheless, the comprehensiveness of the remedies between plaintiff's FLSA and PMWA claims might be significantly different, because there may be different individuals subject to the different claims. Exercising supplemental jurisdiction over the Pennsylvania state-law class action in this situation

---

[2] Despite pleading supplemental jurisdiction in his complaint, plaintiff does not offer any supportive arguments in his supplemental brief. Plaintiff claims certain decisions are inapplicable to this case for the very reason that they "were premised on the exercise of supplemental jurisdiction." (Pl.'s Supp. Br. at 4.) Plaintiff also argues that supplemental jurisdiction "is not at issue here." (Id. at 10.) Plaintiff emphasizes that this court has original jurisdiction under CAFA. For the sake of completeness, the court will address supplemental jurisdiction.

raises the concern with Congress' interest in opt-in wage actions, as in De Asencio. Weighing all these factors, the court determines that the PMWA class action claim substantially predominates the FLSA claim, and the court, if original jurisdiction over the PMWA class action claim does not exist, would decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2) over the PMWA class action claim.

Besides substantial predominance, defendants argue that the court should decline to exercise supplemental jurisdiction for "compelling reasons" pursuant to 28 U.S.C. § 1367(c)(4). They cite a number of decisions from district courts within the Third Circuit that have denied exercising supplemental jurisdiction over pendent state-law opt-out class actions for overtime payments, when the principal claim is an FLSA opt-in collective action. See Woodard v. FedEx Freight E., Inc., 250 F.R.D. 178 (M.D. Pa. 2008); Ramsey v. Ryan Beck & Co., No. 07-635, 2007 WL 2234567, at *3 (E.D. Pa. Aug. 1, 2007); Hyman v. WM Fin. Servs., Inc., No. 06-CV-4038, 2007 WL 1657392 (D.N.J. June 7, 2007); Brothers v. Portage Nat'l Bank, No. 3:06-94, 2007 WL 965835, at *4 (W.D. Pa. Mar. 29, 2007). In those decisions, the courts found that the incompatibility between the opt-in and opt-out wage claims was a compelling reason.[3] Defendants argue that this court should decline supplemental jurisdiction. Plaintiff did not argue that these decisions are incorrect or distinguishable with respect to supplemental jurisdiction. Rather, plaintiff argues that he pled original jurisdiction under CAFA. Even if the PMWA class action claim did not substantially predominate, the court would, if original jurisdiction over the

---

[3] The incompatibility argument will be discussed in this court's analysis of original jurisdiction. Plaintiff failed to offer any reason why incompatibility would not be a compelling reason for the court to decline to exercise supplemental jurisdiction over the PMWA class action claim, and therefore the court will not address the incompatibility argument in the context of supplemental jurisdiction.

7

PMWA class action claim does not exist, decline to exercise supplemental jurisdiction over the PMWA state-law class action due to the incompatibility of the claims being a compelling reason within the meaning of 28 U.S.C. § 1367(c)(4).

**B. Original Jurisdiction**

The Court of Appeals for the Third Circuit has not yet addressed the issue whether opt-in and opt-out actions, which are based upon the same factual foundations but have independent jurisdictional bases, can proceed in a single lawsuit. De Asencio addressed hybrid FLSA and Rule 23 actions, but only in the context of supplemental jurisdiction.

In 1947, Congress amended the FLSA, 29 U.S.C. § 216(b), and provided that:

> No employee shall be made a party plaintiff to any [FLSA] action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is sought.

See 29 U.S.C. § 216(b); Ellis v. Edward D. Jones & Co., 527 F. Supp. 2d 439, 447 (W.D. Pa. 2007). Prior to this amendment, FLSA collective actions proceeded under the opt-out approach. Ellis, 527 F. Supp. 2d at 447. Congress observed at that time, however, that the FLSA collective actions were posing a "vast flood of litigation" and creating "an appalling national problem." Id. (internal citations omitted). Congress found that FLSA actions "would [if unchecked] bring about financial ruin of many employers and seriously impair the capital resources of many others . . . ." Id.; 29 U.S.C. § 251(a) (Congressional findings and policy statement for the 1947 amendments to the FLSA). Congress' objective in amending the FLSA was to limit the size and scope of certain collective actions. By adopting the opt-in procedure, Congress purposefully limited FLSA actions to "employees who asserted claims in their own right and freeing employers of the burden of representative actions." Hoffman-La Roche Inc. v. Sperling, 493

U.S. 165, 173 (1989) (internal citations omitted).

In their brief, defendants argue that plaintiff's FLSA opt-in collective action is "inherently incompatible" with his Pennsylvania state-law opt-out class action and should be dismissed. Defendants assert that if the PMWA claim is allowed to proceed under Rule 23, Congress' purpose in amending the FLSA would not be accomplished.

In support of this argument, defendants note the effects of the doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion). In cases with both an FLSA opt-in collective action and a Rule 23 opt-out state-law class claim, putative class members who fail to take affirmative action will be included in the state-law class action, but will not be included in the FLSA collective action. The preclusive doctrines arguably would prevent those putative class members from subsequently bringing individual FLSA claims, even though they did not opt-into the FLSA collective action. Ellis, 527 F. Supp. 2d at 446; Woodard, 250 F.R.D. at 178.

Plaintiff states in his brief that defendants' position concerning incompatibility is premised on an "imaginary legal doctrine." Westerfield v. Washington Mut. Bank, No. 06-CV-2817, 2007 WL 2162989, at *2 (E.D.N.Y. July 26, 2007). Plaintiff also emphasizes that subject-matter jurisdiction over the Pennsylvania class actions arises under CAFA, and not solely on supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiff argues that even if incompatibility between the claims is a legitimate consideration in the context of supplemental jurisdiction, it is not a consideration in the context of original jurisdiction under CAFA.

Federal Rule of Civil Procedure 18 ("Rule 18") provides for a liberal pleading policy that permits a party asserting a claim to "join, as independent or alternative claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18. Subject to the requirements of subject-

9

matter jurisdiction, there is no restriction on the joinder of claims in an action brought in federal court. 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE 520 (3d ed. 1998). All claims asserted by plaintiff in the complaint are properly joined in this action, provided the court has subject-matter jurisdiction over those claims.

In addition to supplemental jurisdiction, plaintiff pled in the complaint original subject-matter jurisdiction over both the FLSA collective action and the Rule 23 PMWA class action. Pursuant to 28 U.S.C. § 1331, federal district courts have original subject-matter jurisdiction over all civil actions arising under the laws of the United States. The FLSA is a law of the United States, and the FLSA collective action arises under that law. This court has original subject-matter jurisdiction over the FLSA claim. Federal district courts also have original subject-matter jurisdiction under CAFA over any civil class action in which the amount in controversy among all putative class members in the aggregate exceeds $5,000,000, at least one member of the putative class is a citizen of a state different than that of any defendant, and the number of members of the putative class is 100 or more. 28 U.S.C. § 1332(d). Plaintiff pled that the court has original jurisdiction over the Rule 23 PMWA class action under CAFA. Although defendants express doubt about whether the requirements for jurisdiction under CAFA can be met, it is not challenged in the present motion. [4]

---

[4] There are two different types of Rule 12(b)(1) motions: "those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact." Petruska, 462 F.3d at 302 n.3. The court is currently analyzing the complaint on its face. Pursuant to Federal Rule of Civil Procedure 12(h)(3), a factual subject-matter jurisdiction challenge can be raised at a later time. If plaintiff is not be able to prove that the amount in controversy among all putative class members in the aggregate exceeds $5,000,000, at least one member of the putative class is a citizen of a state different than that of any defendant, or the number of members of the putative class is 100 or more, the court will not have jurisdiction under CAFA. 28 U.S.C. § 1332(d)(2).

Defendants are only entitled to dismissal for lack of subject-matter jurisdiction if "the allegations in the [c]omplaint . . . fail to establish this [c]ourt's jurisdiction." Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994). If the jurisdictional allegations in the complaint are sufficient, this court must overrule a Rule 12(b)(1) motion directed at the language of the pleading and allow the action to proceed. 5B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE 1350 (3d ed. 1998). 1

Defendants argue that even if original jurisdiction exists over the PMWA class action claim, the conflict between the "opt-in" and "opt-out" procedures justifies dismissal without prejudice of that claim. This argument is based upon the Congressional intent behind the 1947 FLSA amendment and the potential preclusive effects. The origin of the inherent incompatibility doctrine is from preemption principles, but defendants do not argue that the PMWA state-law claim is preempted. Burkhart-Deal v. CitiFinancial, Inc., No. 07-1747, 2008 WL 2357735, at *1 (W.D. Pa. June 5, 2008) (explaining that the inherent incompatibility argument is based on preemption principles, which is distinguishable from a challenge to the exercise of supplemental jurisdiction).

The preemption doctrine is premised upon article VI, clause 2 of the United States Constitution, which provides that federal laws are supreme to state, municipal, and local laws. Congress has the power to pass laws that preempt the laws of the states. U.S. CONST. art. VI, cl. 2; Louisiana Public Service Comm'n v. FCC, 476 U.S. 355, 368 (1986). In order to exercise its preemption power, Congress must have the intent to do so. Louisiana Public Service Comm'n,

---

Under CAFA, the district court has discretion to decline to exercise jurisdiction over a class action in certain situations. 28 U.S.C. § 1332(d)(3). Defendants have not made a challenge about whether there is factual subject-matter jurisdiction under CAFA over the PMWA class action claim at this time.

476 U.S. at 368. Intent can either be expressed or implied. Id. Intent is implied when an "actual conflict" exists between a federal statute and state law. Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 248 (1984). If the "state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress," then an actual conflict exists. Id. Following these principles, defendants allege that, in this situation, the PMWA opt-out class action is an obstacle to the accomplishment of Congress' purposes and objectives in amending the FLSA. While defendants do not argue that preemption is warranted here, they believe that dismissal is justified by this actual conflict between the PMWA and the FLSA.

The court is cognizant of the recent trend of case law from district courts within the Third Circuit holding that Rule 23 state-law class actions are inherently incompatible with FLSA collective actions when the two are asserted in conjunction. See, e.g., Ellis, 527 F. Supp. 2d at 452; Burkhart-Deal, 2008 WL 2357735, at *2. The district courts in those decisions did not consider Rule 18 or the court's inability to grant a Rule 12(b)(1) motion directed at the language of the pleading if the jurisdictional allegations are sufficient. The inherent incompatibility doctrine does not pertain to the court's power to hear the case, and does not provide a basis for declining to exercise original jurisdiction when the jurisdictional allegations are sufficiently pled. See Trollinger v. Tyson Foods, Inc., 370 F.3d 602, 608 (6th Cir. 2004) (explaining that preemption "does not normally concern the subject-matter jurisdiction of a court to hear a claim, which is what is relevant to the resolution of a Rule 12(b)(1) motion," but rather concerns the merits of the claim itself).

It is noteworthy that a Rule 23 state-law class claim may be managed by the court separately from the other claims with which it is joined under Rule 18. A claim properly joined

12

for pleading purposes "need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment." FED. R. CIV. P. 18 amend. cmt. (1966). Federal Rule of Civil Procedure 42(b) ("Rule 42(b)") permits the court to order a separate trial of a separate issue or claim for convenience or to avoid prejudice. FED. R. CIV. P. 42(b). Hybrid Rule 23 and FLSA claims may be appropriate for separate treatment, because, by staging the claims, the concerns over the preclusive effect can be ameliorated. The court may order a separate trial for the FLSA claim prior to the trial for the PMWA state-law class action claim. Tellingly, if defendants' argument was adopted, the preclusive effects may not be ameliorated, because if the PMWA opt-out class action is dismissed and re-filed in federal court under CAFA as a separate lawsuit, that lawsuit might be on a faster track than the FLSA action causing the potential for an adverse preclusive effect. That concern arguably can be better managed if there is one lawsuit and the court orders separate trials of the claims under Rule 42(b).

Concerns over the potential confusion that putative class members would face in receiving notice of simultaneous opt-in and opt-out actions may also be addressed by the court in managing the case. If defendants can demonstrate opt-in and opt-out procedures will be unworkable or unduly confusing at the class certification stage, then the court can schedule the determination of certification of a Rule 23 class at a time later than the notice sent for the collective action. See Harper v. Yale Int'l Ins. Agency, Inc., No. 03 C 3789, 2004 WL 1080193, at *5 (N.D. Ill. May 12, 2004). The court at this juncture only holds that the FLSA collective action and the Rule 23 PMWA class action are properly pled together on the face of the complaint, and to the extent that jurisdiction over the Rule 23 claim is based on original jurisdiction under CAFA, the court cannot dismiss that claim.

13

*Order*

**AND NOW**, this 12th day of September, 2008, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that defendant's motion to dismiss the PMWA class action claim (Doc. No. 12), is **DENIED** subject to the court having original jurisdiction over that claim under CAFA. In the event that it is later determined that the court does not have original jurisdiction under CAFA of that claim, the court would decline to exercise supplemental jurisdiction and the claim would be dismissed, without prejudice.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District

cc: Counsel of Record